IN THE US DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE)

| | | |
|---|---|---|
| DANIELLE ROBINSON | ) | CIVIL ACTION |
| | ) | |
| | ) | CASE NO. |
| Plaintiff | ) | |
| | ) | |
| VS | ) | |
| | ) | **JURY DEMANDED** |
| SPRECHMAN & FISHER, P. A. | ) | |
| RYAN SPRECHMAN | ) | |
| STEVEN SPRECHMAN | ) | |
| | ) | |
| Defendant(s) | ) | |

FILED BY _____ D.C.
MAR 0 1 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## I.  COMPLAINT INTRODUCTION

1. Danielle Robinson ("Plaintiff" Hereinafter) is giving judicial notice that SPRECHMAN & FISHER, P.A., Ryan Sprechman, and Steven Sprechman ("Defendant(s)" Hereinafter) is violation of 15 U.S Code § 1692 Fair Debt Collections Practices Act ("FDCPA" Hereinafter), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this court arises under 15 U.S Code § 1692k(d).

3. Jurisdiction of this court arises under title 18 crimes and criminal procedures.

4. This court has personal jurisdiction because Defendant has a corporate office within the State of Florida.

## III.  PARTIES

1

5. Plaintiff, Danielle Robinson ("Plaintiff") place of abode is in the State of Florida from whom Defendant(s) attempted to collect an alleged debt from WELLNESS CARE CREDIT, LLC as successor by merger to Bright Smile Collections, LLC as successor in interest to Bright Smile Financing, LLC through THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORDIA.

6. Plaintiff place of abode is in Broward County, Florida.

7. Plaintiff is a "consumer" as defined pursuant to 15 U.S Code § 1692a(3).

8. Plaintiff is a natural person.

9. Defendant(s), SPRECHMAN & FISHER, P.A., Ryan Sprechman, and Steven Sprechman are "debt collectors" as defined in Fair Debt Collections Practices Act ("FDCPA") 15 U.S Code § 1692a(6).

10. Ryan Sprechman is an "Agent" for SPRECHMAN & FISHER, P.A.

11. Steven Sprechman is an "Agent" for SPRECHMAN & FISHER, P.A.

12. Defendant(s) Principal Address is 2775 SUNNY ISLES BLVD SUITE 100 NORTH MIAIMI, FL 33160.

13. Defendant(s) are entities who abused Plaintiff to interfere with commerce and commit acts that caused damages and injuries to Plaintiff.

14. The alleged "debt" is defined pursuant to 15 U.S Code § 1692a(5).

### IV. FACTUAL ALLEGATIONS

15. On November 6, 2021 Plaintiff has received a dunning letter in the mail regarding a civil action that she has never been notified of nor was there a summons given to Plaintiff.

16. This communication has come from an attorney that wanted to represent Plaintiff.

17. Plaintiff has looked up the civil action and saw that this was a civil action for a demand for $3,656.42.

18. Plaintiff has not promised to pay Defendant(s) client Wellness Care Credit LLC.

19. Plaintiff has not consented to or entered into any contract with Defendant(s) client Wellness Care Credit LLC.

20. Haven't Plaintiff received that notice, Plaintiff would have got a default Judgement.

21. On November 8, 2021 Plaintiff have sent a court correspondence asking varies of questions regarding Defendant(s) authority to represent WELLNESS CARE CREDIT, LLC as successor by merger to Bright Smile Collections, LLC as successor in interest to Bright Smile Financing.

22. In this correspondence Plaintiff have mentioned not being served with a summons.

23. In this correspondence Plaintiff have requested documentary evidence.

24. Plaintiff also let it be known that it was Defendant(s) initial communication regarding this alleged debt.

25. Defendant(s) have failed to respond to vital questions that would prove their standing in the case.

26. On November 15, 2021 once Plaintiff arrived at her place of abode, she has noticed a summons from Defendant(s).

27. This summons was issued 15 days before pre-trial/mediation.

28. On November 30, 2021 Plaintiff and Defendant(s) on behalf of their client had mediation which there was no agreement.

29. On December 1, 2021 Defendant(s) have filed on behalf of their client a summary judgment.

30. This summary judgement has been filed with a false and misleading affidavit of proof from "non-party" named Sylvain Grenier who is allegedly the Chief Financial Officer for WELLNESS CARE CREDIT, LLC as successor by merger to Bright Smile Collections, LLC as successor in interest to Bright Smile Financing.

31. On December 6, 2021 Plaintiff has submitted an "objection" to this motion and submitted a rebutted affidavit of fact.

32. On December 10, 2021 Plaintiff has attempted to remove the civil case to federal court which later in January of 2022 it has been remanded back to state court for "not arising out of this complaint."

33. In the beginning of January before the case has been remanded, Plaintiff have received an obscene email from Defendant Steven Sprechman regarding an attempt agree to dismiss the case.

34. Plaintiff disagreed unless she gets equitable relief.

35. Once again Defendant Steven Sprechman has dealt in an obscene manner.

36. Once the case got remanded Plaintiff has issued a motion to show authority on February 9, 2021.

37. On February 10, 2022 Defendant(s) has responded to the motion but in this motion Defendant(s) have objected to the interrogatories and labeled each one "objection, this request is vague, calls for a legal conclusion, and is not likely to led to the discovery of admissible evidence."

38. Defendant(s) also engages in debt collection activities but has not shown any debt collection licenses.

39. Plaintiff have yet to receive any documentary evidence that she asked for since November 6, 2021.

40. On February 11, 2022 Plaintiff have issued a subpoena to Sylvain Grenier who is allegedly the Chief Financial Officer for WELLNESS CARE CREDIT, LLC as successor by merger to Bright Smile Collections, LLC as successor in interest to Bright Smile Financing.

41. On this same day Plaintiff has issued a noticed to Defendant(s) that it was being sent out.

42. Later that day, Defendant(s) have submitted a motion to strike subpoena which have deprived Plaintiff of the right as the alleged account holder to review documentary evidence that was requested for which would validate their claim.

43. On February 17, 2022 Plaintiff have received a disturbing email that exposes Plaintiffs' nonpublic personal information which includes but not limited to including full disclosure medical records, full exposure of social security number, full disclosure of driver's license number and full disclosure of consumer report information.

44. On this day Plaintiff also received an alleged notice dated April 7, 2020 that was claimed to be initial communication of the alleged debt from Defendant(s).

45. On February 21, 2022 there were misconduct practices in the court room and Plaintiff has gotten a judgement for exercising her rights to obtain authority from Defendant(s).

## V. CLAIM FOR RELIEF

46. Plaintiff realleges and incorporates the foregoing paragraphs verbatim.

47. Defendants' FDCPA claim violations include but are not limited to:

   a.) Defendant(s) failed to show authority which makes them false and misleading pursuant to 15 U.S Code § 1692e(3);

   b.) Defendant(s) has in engaged in invasion of Plaintiffs privacy pursuant to 15 U.S Code § 1692(a) by obtaining of Plaintiffs' full disclosure medical records, full exposure of social security number, full disclosure of driver's license number and full disclosure of consumer report information, without her consent and or authority;

   c.) Defendant(s) has violated 15 U.S Code § 1692b(2) by stating that Plaintiff, a consumer, owes a debt through a fraudulent civil action;

   d.) Defendant(s) has violated 15 U.S Code § 1692c(a) by communicating with Plaintiff, the consumer without prior consent;

   e.) Defendant(s) has violated 15 U.S Code § 1692d(1) by engaging conduct with the natural consequence of which to harass, and or oppress, and or abuse Plaintiff, using criminal means to harm the physical person and general reputation;

   f.) Defendant(s) has violated 15 U.S Code § 1692d(2) by engaging in the use of obscene language and or language the natural consequence of which is to abuse Plaintiff;

   g.) Defendant(s) used false representation character and or amount, and or legal status of the allege debt for $3,656.42 this violates 15 U.S Code § 1692e(2)(a);

6

h.) Defendant(s) has violated 15 U.S Code § 1692e(5) took civil action that could not be legally taken;

i.) Defendant(s) has violated 15 U.S Code § 1692e(10) by using deceptive means to collect on this allege debt by not issuing a summons until Plaintiff mentioned it in her correspondence dated November 8, 2021, invading plaintiffs' privacy, filing an affidavit by a "non-party" of the civil action, committing fraud on court record, and sending Plaintiff a deceptive form dated April 7, 2020 on February 17, 2022;

j.) Defendant(s) has violated 15 U.S Code § 1692e(14) using false and misleading name other than the true name of the debt collector and or business;

k.) Defendant(s) has used unfair and or unconscionable means to collect on the allege debt that was not expressly authorized by an agreement and or permitted by law, this violates 15 U.S Code § 1692f(1) Plaintiff has not promised to pay nor entered into an agreement with Wellness Care Credit LLC;

l.) Defendant(s) has used a civil action as an initial communication which is prohibited pursuant to 15 U.S Code § 1692g(d);

m.) Defendant(s) has violated 15 U.S Code § 1692i(2)(a) by suing Plaintiff when she did not sign a with Wellness Care Credit LLC;

n.) Defendant(s) has furnished a deceptive form dated April 7, 2020 this violates 15 U.S Code § 1692j(a);

48. Plaintiff realleges and incorporates the foregoing paragraphs verbatim.

49. Defendants' criminal claims include but are not limited to:

a.) Due to Defendant(s) unlawful acts Plaintiff has suffered lost time and cost;

b.) Due to Defendant(s) unlawful acts Plaintiff has suffered from damages of valued nonpublic personal information;

c.) Due to Defendant(s) unlawful acts Defendant(s) has gained unauthorized access to Plaintiffs' nonpublic personal information, this is aggravated identity theft pursuant to 18 U.S Code § 1028A;

d.) Due to Defendant(s) unlawful acts Plaintiff has suffered substantial injury and oppress;

e.) Defendant(s) obtained Plaintiffs' nonpublic information under false pretenses.

f.) Defendant(s) has participated in unfair and deceptive practices affecting commerce which is prohibited pursuant to the Federal Trade Commission Act 15 U.S Code § 45;

g.) Defendant(s) acts are reckless;

h.) Plaintiff does not trust Defendant(s) with her identifying information.

## VI.    PRAYER FOR EQUITABLE REFLIF

41. As a result of the foregoing violations, Defendant is civilly liable to Plaintiff for actual damages, punitive damages, statutory damages, and reasonable attorney fees. WHEREFORE, Plaintiff respectfully requests that Judgement be entered against Defendant for the following:

a.) Any Actual Damages from each defendant the court deem equitable;

b.) Punitive Damages for $250,000 from each defendant;

c.) Statutory damages from each defendant the court deem equitable

d.) Reasonable attorney fees;

8

e.) Removal of all Plaintiffs' nonpublic personal information in Defendant(s) possession;

e.) Any other fees the court deem equitable;

f.) Any actions for criminal liability the court deem reasonable.

## VII. JURY DEMAND

42. Plaintiff hereby demands a trial by jury on all claims so triable as a matter of law.

Danielle Robinson/ ATTORNEY IN FACT for
ROBINSON, DANIELLE
3445 NW 1ST COURT #222
POMPANO BEACH FL, 33069
Khloniamore@gmail.com
954-856-7888

/s/ Danielle Robinson

March  1 , 2022